BY ORDER OF THE COURT.
Appellant’s motion for rehearing is granted. The prior opinion dated February 5, 2014, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.
ALTENBERND, Judge.
Arthur Genovese appeals the postconviction court’s order denying his motion to correct an illegal sentence. We conclude that his sentence is legal but write to dispel confusions in the record.
In July 2000, Mr. Genovese was arrested for offenses committed in Charlotte County. While in jail, he made numerous telephone calls attempting to arrange for the murder of witnesses against him. As a result, in addition to other charges, he was charged with solicitation to commit first-degree murder with a firearm and conspiracy to commit first-degree murder with a firearm.
In December 2001, Mr. Genovese entered into a negotiated plea for these charges and for charges filed in three other informations. The longest negotiated sentences were for the solicitation and the conspiracy. He agreed to a sentence of fifteen years’ incarceration followed by ten years’ probation for each of these two offenses. He was sentenced in accordance with this agreement and did not file a direct appeal.
In May 2012, he filed a motion to correct an illegal sentence. He amended the motion several times before the postconviction court entered the order denying the motion. Mr. Genovese’s primary theory is that his sentence is illegal because he was convicted of two second-degree felonies for which sentences in excess of fifteen years would be illegal. He is mistaken, but his confusion is understandable.
The information filed against him for these two counts described each offense as *1230 a “life felony.” In addition to the statutes addressing murder, conspiracy, and solicitation, the information referenced section 775.087, Florida Statutes (2000), which reclassifies certain felonies for use of a firearm. Mr. Genovese believes that he was charged with solicitation and conspiracy to commit only an attempted murder with a firearm. He thinks his basic offense was a life felony which was reduced to a second-degree felony because he was charged with solicitation or conspiracy. He is correct that a solicitation or conspiracy to commit a life felony is typically a second-degree felony. See § 777.04(4)(c), Fla. Stat. (2000). He maintains that he did not use a firearm to conspire and that the offense could not be reclassified for use of a firearm.
Mr. Genovese was actually charged with conspiracy to commit a completed first-degree murder and solicitation of a completed first-degree murder.[1] First-degree murder is a capital offense. See § 782.04, Fla. Stat. (2000). His information did not reference or allege attempt as described in section 777.04(1). Instead, it alleged and referenced subsections 777.04(2) and (3), which deal with solicitation and conspiracy. These allegations reduce the capital offense to a felony of the first-degree. See § 777.04(4)(b). The assistant state attorney who filed the information then reclassified the first-degree felony to a life felony due to the allegation of use of a firearm. See § 775.087(l)(a).
Mr. Genovese’s negotiated plea agreement dropped the reference to use of a firearm and described the two offenses as first-degree felonies. It appears likely from our record that during the negotiations his attorney convinced the State to drop its effort to reclassify these offenses for use of a hypothetical firearm discussed in the telephone calls. Thus, the offense of solicitation and the offense of conspiracy were each correctly described as first-degree felonies in the judgment. Accordingly, the judgment supports a sentence of fifteen years’ imprisonment followed by ten years’ probation for these offenses. We note that the sentence does not include any mandatory minimum term for possession of a firearm.
In the postconviction court, the State erroneously relied on the firearm enhancement to justify the degree of these two felonies in the judgment, and the court’s order was based on this analysis. Thus, the postconvietion court applied the wrong reasoning, but reached the correct result.
Affirmed.
WALLACE and KHOUZAM, JJ., Concur.

. On rehearing, Mr. Genovese accurately points out that his information included allegations of both premeditated murder and attempted murder within the counts alleging solicitation and conspiracy. In this opinion, we have relied on the greater charge, which is consistent with his written plea agreement to plead guilty to solicitation and conspiracy "to commit murder as charged.” His judgments accurately fulfilled the written plea agreement and convicted him of solicitation and conspiracy to commit murder, not attempted murder.